IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ENCINES FELIPE SURLES,<br>    Movant, | ::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | :: | |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:03-CR-81-TWT-LTW-4 |
| | :: | |
| UNITED STATES OF AMERICA,<br>    Respondent. | ::<br>:: | CIVIL ACTION NO.<br>1:16-CV-2259-TWT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Movant is a federal prisoner who, pro se, challenges his sentence under 28 U.S.C. § 2255. (Docs. 260, 262.)[1] Respondent moved to dismiss the § 2255 motion. (Doc. 271.) Movant did not file a response to the motion to dismiss.

In 2003, Movant pled guilty, pursuant to a negotiated plea agreement, to three counts of armed bank robbery and one count of using a firearm in furtherance of armed bank robbery. (Docs. 174, 267.) In 2004, the Court sentenced Movant to twenty-three years' imprisonment for the armed bank robberies and a consecutive seven years' imprisonment for the firearm crime, yielding a total sentence of thirty years' imprisonment. (Docs. 198, 268.) Movant did not appeal.

---

[1] All citations to the record are to 1:03-cr-81-TWT-LTW.

In determining Movant's sentence, the Court found that the career offender provision of the U.S. Sentencing Guidelines (the "Guidelines") applied. (Doc. 268.) That provision is as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2003). When Movant was sentenced, defined "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 4B1.2(a) (emphasis added). The italicized language in § 4B1.2(a)(2) is referred to as the "residual clause."

Movant asserts one claim in his § 2255 motion. (Doc. 260 at 4.) That claim is that the Court violated his constitutional right to due process when it "relied on the

'residual clause' of section 4B1.2(a)(1) to characterize his instant offense of conviction as a 'crime of violence' to subject him to an enhanced penalty" under the Guidelines. (*Id.*) Movant grounds his claim on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is too vague and, thus, using that clause to enhance a sentence under the ACCA violates due process. *Johnson*, 135 S. Ct. at 2555, 2563; *see* 18 U.S.C. § 924(e)(2)(B) (ACCA's definition of "violent felony"). The Supreme Court held that the new rule it announced in *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The residual clause in the ACCA's definition of "violent felony" is identical to the residual clause in the Guidelines' definition of "crime of violence." *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S. Sentencing Guidelines Manual § 4B1.2(a) (2003). Movant thus argues that *Johnson*'s holding applies to the Guidelines and renders his sentence unconstitutional. (Doc. 260 at 4; Doc. 262.)

Respondent counters that Movant's offense of conviction – armed bank robbery – qualified as a "crime of violence" under the first portion of the Guidelines'

definition of that term and that the residual clause thus played no role in his status as a career offender.[2] (Doc. 271.) Respondent relies on the U.S. Court of Appeals for the Eleventh Circuit's recent decision that armed bank robbery is a "crime of violence" under a statute that defines that term as including crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016); *see* 18 U.S.C. § 924(c)(3). The first portion of § 924(c)(3)'s definition of "crime of violence" is identical to the Guidelines' definition except that the statute contains the additional words "or property." *Compare* 18 U.S.C. § 924(c)(3)(A), *with* U.S. Sentencing Guidelines Manual § 4B1.2(a)(1) (2003). The additional words are not relevant here.

The Court agrees with Respondent. The court of appeals held in *Hines* that "a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Hines*, 824 F.3d at 1337. As discussed above, the Guidelines define "crime of violence" in materially the same manner as

---

[2] Respondent does not challenge the timeliness of Movant's § 2255 motion or seek to dismiss it based on the appeal waiver in Movant's plea agreement. (Doc. 271.) Respondent seeks to preserve such defenses, however. (*Id.* at 5 & n.4.)

AO 72A
(Rev.8/82)

§ 924(c)(3)(A). Movant's conviction for armed bank robbery thus would be a crime of violence under the Guidelines, and he thus would be a career offender, "even if *Johnson* renders the 'crime of violence' [residual clause] definition in [the Guidelines] unconstitutional." *See id.* In short, the issue of whether the residual clause in the Guidelines' definition of "crime of violence" is unconstitutional – the only issue Movant raised in his § 2255 motion – is irrelevant because Movant's armed bank robberies were crimes of violence under the other portion of the Guidelines' definition of the term.[3] *See id.*; *see also In re Sams*, 830 F.3d 1234, 1239-41 (11th Cir. 2016) (holding that bank robbery "by force and violence or by intimidation," even when the robber is unarmed, is a crime of violence without regard to the residual clause).

Accordingly, the undersigned **RECOMMENDS** that Respondent's motion to dismiss [271] be **GRANTED**, that Movant's § 2255 motion [260] be **DISMISSED**, and that civil action number 1:16-cv-2259-TWT-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**

---

[3] Movant's cites to several decisions by federal courts outside the Eleventh Circuit also are not relevant because the Court is bound by *Hines*. (*See* Doc. 262 at 5-10.) Movant did not cite any case holding that armed bank robbery in violation of federal law is not a crime of violence under the Guidelines' career offender provision. (*See id.*)

because the dispositive issue is not reasonably debatable and Movant has not substantially shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this __1__ day of __February__, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE